Vincent M. DeOrchis, Esq. (VMD-6515)
Mika T. Hallakorpi  (MH-8126)
DEORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700

Attorneys for ADCOM EXPRESS INC.
d/b/a ADCOM WORLDWIDE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDERAL INSURANCE COMPANY,

                      Plaintiff,

   -against-

ADCOM EXPRESS INC. d/b/a
ADCOM WORLDWIDE

                      Defendant.
------------------------------------------------------------X

ECF

07 Civ. 9652 (MGC)(AJP)

**_ANSWER_**

      Defendant ADCOM EXPRESS INC. d/b/a ADCOM WORLDWIDE ("Adcom") through its attorneys DeOrchis, Wiener & Partners, allege upon information and belief for its Answer as follows:

AS AND FOR A FIRST CAUSE OF ACTION

      1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the complaint.

      2.    Admits that receipt no. 2401239 was issued by or on behalf of defendant pertaining to cargo shipped on or about February 18, 2004, from Fairfax, VA to Huntsville, AL, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 2 of the complaint.

3. Admits that the defendant was engaged in the business of providing logistics, shipping, and transportation services with respect to the cargo described above, but except as so specifically admitted, denies the remaining allegations contained in paragraph 3 of the complaint.

4. Denies each and every allegation contained in paragraph 4 of the complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the complaint.

6. Denies each and every allegation contained in paragraph 6 of the complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

7. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 6 inclusive of this answer, with the same force and effect as if herein set forth at length.

8. Denies each and every allegation contained in paragraph 8 of the complaint.

9. Denies each and every allegation contained in paragraph 9 of the complaint.

10. Denies each and every allegation contained in paragraph 10 of the complaint.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

11. That the said shipment as described in plaintiffs' complaint is subject to all the terms, conditions and exceptions contained in any agreement or contract between plaintiffs' and Adcom and/or in certain bills of lading, waybills, tariffs, shipper's receipt then and there issued, by which the shippers and consignees of said bills of lading, waybills, tariffs, or shipper's receipt agree to be and are bound.

Said shipment was transported or arranged to be transported subject to the contractual terms and conditions of the aforesaid agreement, contract, bill of lading, waybill, tariffs, shipper's receipt, or shipper's standard terms and conditions.

Any shortage, loss and/or damage to the shipment in suit which defendant specifically deny was due to causes for which the defendants is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, approved April 16, 1936, and/or Harter Act, and/or Interstate Commerce Act and/or the provisions of the said agreement, contract, bill of lading, waybill, or receipt, and/or the General Maritime Law and/or applicable U.S. or foreign law.

## SECOND AFFIRMATIVE DEFENSE

12.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the Adcom is not liable.

## THIRD AFFIRMATIVE DEFENSE

13.     That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which Adcom is not liable.

## FOURTH AFFIRMATIVE DEFENSE

14.     That plaintiffs failed to state a cause of action in their complaint.

## FIFTH AFFIRMATIVE DEFENSE

15.     The maximum liability of defendant, if any, is $50 per shipment or $0.50/LB, whichever is greater as agreed to in the provisions of the shipper's receipt and/or any other agreement or contact between plaintiff and Adcom.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiffs have failed to properly and fully mitigate their damages in their complaint.

### SEVENTH AFFIRMATIVE DEFENSE

17. This suit is time-barred.

### EIGHTH AFFIRMATIVE DEFENSE

18. Plaintiff is not a real party in interest with regard to the shipment in suit.

### NINTH AFFIRMATIVE DEFENSE

19. Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

20. Plaintiff failed to give timely written notice of loss or damage.

### ELEVENTH AFFIRMATIVE DEFENSE

21. The Court should take a presumption that the shortage, loss and/or damage, if any, occurred while the cargo was in the possession, control and custody of the last carrier.

### TWELFTH AFFIRMATIVE DEFENSE

22. This suit should be removed on the basis of forum non conveniens.

### THIRTEENTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the plaintiff and/or its agents.

## FOURTEENTH AFFIRMATIVE DEFENSE

24. This suit should be removed on the basis of forum selection clause contained in Adcom's bill of lading, waybill, tariff, or shipper's receipt.

## FIFTEENTH AFFIRMATIVE DEFENSE

25. This Court lacks in personam jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

26. Mistake of both parties justifies reformation of contract.

**WHEREFORE**, Defendant ADCOM EXPRESS INC. d/b/a ADCOM WORLDWIDE demands judgment dismissing the complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated: New York, New York
November 29, 2007

        DeORCHIS, WIENER & PARTNERS, LLP
        Attorneys for ADCOM EXPRESS INC.
        d/b/a ADCOM WORLDWIDE

        By: s/ Vincent M. DeOrchis
           Vincent M. DeOrchis, Esq. (VMD-6515)
           Mika T. Hallakorpi (MH-8126)
           61 Broadway, 26th Floor
           New York, New York 10006-2802
           (212) 344-4700
           Our File: 2104-37B

TO: Kingsely, Kingsley & Calkins
     91 West Cherry Street
     Hicksville, New York 11801
     (516) 931-0064
     Harold M. Kingsley, Esq.
     Kevin T. Murtagh, Esq.